PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON M. ALLEN, | ) | |
| | ) | CASE NO. 4:20CV1746 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND CORRECTION, | ) | **MEMORANDUM OPINION** |
| *et al.*, | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 3, 5, 6, 8, 10, 11, 12, |
| Defendants. | ) | 17] |

*Pro se* Plaintiff Brandon M. Allen seeks to proceed *in forma pauparis* in this action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"), the Ohio State Penitentiary ("OSP"), the Southern Ohio Correctional Facility ("SOCF"), and various employees thereof. In the Complaint and supplementary materials, which are subject to the initial screening requirements of 28 U.S.C. § 1915(e)(2) and § 1915A, Plaintiff alleges that multiple corrections officers harassed him, physically assaulted him, denied him food, and taunted him for being a convicted sexual offender. He seeks transfer to the Toledo Correctional Institution and monetary damages.

Pending before the Court are Plaintiff's remaining Motion for the Appointment of Counsel (ECF No. 5),[1] which the Court grants; three Motions for Production of Documents (ECF

---

[1] In a separate order, ECF No. 19, the Court denied as duplicative an earlier motion seeking the appointment of counsel (ECF No. 3).

(4:20CV1746)

Nos. 6, 11, 17),² which the Court denies without prejudice; and two Motions to Amend Complaint (ECF Nos. 8, 12), which the Court grants. The Court grants Plaintiff's motion to proceed *in forma pauparis* (ECF No. 2) in a separate order. Plaintiff, through counsel, shall file an Amended Complaint within 30 days of counsel's appointment. Also pending before the Court is Defendants' Motion for Initial Screening (ECF No. 10). Defendant's motion is redundant and denied as moot.

### I. The Complaint

In addition to the original Complaint (ECF No. 1), Plaintiff has filed two Motions to Amend his Complaint (ECF Nos. 8, 12), which the Court grants. Although he titles them as amended pleadings, they clearly are intended as supplements to the original Complaint. They seek to add Corrections Officers Johnson, Retort, Allison, Kilmore, and Choudhry; as well as Institutional Inspector Robert Wolfe, Sgt. Oberle, and fellow inmate Justin Ramos as Defendants. The Court will consider the original Complaint as well as the two supplements in its analysis. The Court will also consider the two Declarations filed by Plaintiff (ECF Nos. 14, 15) which similarly appear to be intended to supplement the original Complaint.

Some of Plaintiff's filings are only barely legible. Portions, including entire pages, are faded to the point of being illegible and there are what appear to be water stains throughout the filings. Plaintiff has summarized his allegations as follows:

> Staff at Southern Ohio Correctional Facility (SOCF) and Ohio State Penitentiary (OSP) ha[ve] been harassing and/or retaliating against me in various ways out of direct retaliation of me being incarcerated for a sex offense. This includes depriving

---

² The State of Ohio opposes Plaintiff's demands for discovery. ECF Nos. 13, 18.

(4:20CV1746)

>me [of] showers, depriving me of and/or tampering with my food, assaulting me, and making derogatory and sexually explicit comments.

ECF No. 1 at PageID #: 4. According to Plaintiff, this behavior has been ongoing since August 2019. Plaintiff has provided what appears to be several detailed logs of specific instances of alleged harassment and unconstitutional actions. The conduct described is varied, and spans from unkind comments to physical assaults and the denial of food. Specific examples of conduct are discussed and cited in the relevant sections below.

Because the Complaint and supplementary materials are not entirely legible, it is not possible for the Court to fully review them. Although, as described below, the Court has determined that Plaintiff may proceed on multiple claims, the Court will not yet order service in this matter. Even if each page of each document was entirely legible, it would not be reasonable to expect Defendants to respond to the allegations as framed. The Complaint and supplementary materials span half a dozen docket entries — over 60 pages — and the vast majority of Plaintiff's allegations relate to claims that the Court dismisses in this order.

"It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format in a single document." *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (quoting *Windsor v. Colorado Dep't. of Corr.*, 9 Fed.Appx. 967, 968 (10th Cir. 2001)). Plaintiff, through (anticipated) newly appointed counsel, shall file a single Amended Complaint within 30 days of counsel's appointment.

3

(4:20CV1746)

## II. Standard for Initial Screening

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. Bell Atl. Corp., 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pleading that only offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. Id. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998).

(4:20CV1746)

### III.  Defendant's Motion for Initial Screening

Defendant's Motion for Initial Screening (ECF No. 10) is not appropriate.  Such a Motion is neither authorized by the Federal Rules of Civil Procedure nor the two statutes which provide for screening of *pro se* Complaints.  Both 28 U.S.C. § 1915(e)(2) and § 1915A *require* the Court to screen a Complaint *sua sponte*  "without prompting or suggestion; on its own motion."  BLACK'S LAW DICTIONARY (11th ed. 2019).  To the extent that the Defendants' Motion for Initial Screening is filed for the sole purpose of bringing about a screening, it is redundant and denied as moot.  The Court conducts such a screening without prompting, a fact of which any Assistant Attorney General of the State of Ohio should be aware, and of which Defense Counsel appears to have been specifically aware, given the contents of his motion and statements acknowledging that his clients have yet to be served.  ECF No. 13 at PageID #: 78.

Furthermore, it is apparent that Defendants do not merely seek "screening."  Rather, citing 28 U.S.C. § 1915A and § 1915(e)(2), they seek dismissal *sua sponte* by the Court without full briefing.  Nothing in either § 1915(e)(2) nor § 1915A allows the defense to bypass the Federal Rules of Civil Procedure to seek dismissal or to play a role in the screening process.  *Freeman v. Lee*, 30 F.Supp.2d 52, 56 (D.D.C. 1998).  The Court's role is not to act for the convenience of the defense, but as an impartial decision maker.  *Id.*; *Rincon v. Cate*, No. 09CV2698, 2011 WL 1642615, at *1-2 (S.D. Cal. Apr. 29, 2011).  Fed. R. Civ. P. 12 provides a means for Defendants to seek dismissal of a Complaint at the pleading stage, and for Plaintiff to respond.  Defendants' Motion for Initial Screening (ECF No. 10) is without a proper legal foundation, and is denied.

5

(4:20CV1746)

### IV. Initial Screening - Law and Analysis

#### A. Organizational Defendants

Plaintiff names the ODRC, OSP and SOCF as Defendants. The prisons are owned and operated by the ODRC, an agency of the State of Ohio. Ohio is immune from suits for damages under the Eleventh Amendment. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). Accordingly, these are not proper defendants, and the claims against each are dismissed, with prejudice.

#### B. Federal Claims Against Individual Defendants

Plaintiff names Corrections Officers Johnson, Retort, Allison, Kilmore, and Choudhry; as well as Institutional Inspector Robert Wolfe, Sgt. Oberle, and fellow inmate Justin Ramos as individual Defendants. ECF No. 8 at PageID #: 48; ECF No. 12 at PageID #: 70. As the Court cannot discern any allegation as to conduct by Defendant Ramos, Plaintiff has not stated any claim against him.

##### i. Eighth Amendment (Denial of Food)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). It protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from

(4:20CV1746)

discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10.

"[I]t is clearly established that the prison must provide adequate nutrition to prisoners," and that a failure to do so is an Eighth Amendment violation. *Welch v. Spaulding*, 627 F. App'x 479, 484 (6th Cir. 2015). Plaintiff asserts that he has regularly been denied meals, including for periods spanning multiple days. Plaintiff identifies specific instances of being denied food by Defendants Retort, Kilmore, Oberle, and Chaudhry, as well as by unknown Correctional Officers, and non-party Zubick. *See* ECF No. 1-1 at PageID #: 6 (Defendant Retort tampers with meal chute); *id*. at PageID #: 10 (Defendant Kilmore repeatedly deprives Plaintiff of his food tray); *id*. at PageID #: 11 (Correctional Officer spits in food); *id*. at PageID #: 19 (Sgt. Oberle and CO refusing to feed); *id*. at PageID #: 19 (CO provides lunch tray without food; Sgt. Oberle deprives of lunch); *id*. at PageID #: 20 (Chaudhry deprives of food); ECF No. 15 at PageID #: 91 (Kilmore deprives of food); *id*. at PageID #: 99 (Kilmore and Zubick deprive of lunch tray).

Plaintiff may proceed against Defendants Retort, Kilmore, Oberle, and Chaudhry on an 8th Amendment claim based on being denied access to his meals.[3]

---

[3] The filings repeatedly reference threats by various Defendants to "put [Plaintiff] on meatloaf[.]" The import of these allegations is unclear. It does not appear that Plaintiff has been served meatloaf, nor has Plaintiff stated he has a medical or religious need for a meat-free diet. Plaintiff has not stated any claim concerning the *type* of food he receives.

7

(4:20CV1746)

### ii. Eighth Amendment (Access to Showers)

Plaintiff asserts, generically, that he has been deprived of showers. ECF No. 1 at PageID #: 4. While prisons are required to maintain minimum hygiene standards for those in their care, the only specific allegation the Court can discern is that Defendants Allison, Johnson and a third individual with an illegible name "shak[e] down" Plaintiff's cell when he showers on first shift. ECF No. 1-1 at PageID #: 22. Plaintiff does not assert that the search of his cell is inappropriate in any way, nor does he explain how such a search might prevent him from maintaining adequate hygiene. Plaintiff has not stated claim related to his access to showers.

### iii. Eighth Amendment (Excessive Force)

The Eighth Amendment prohibition on cruel and unusual punishment proscribes the "unnecessary and wanton infliction of pain" against prisoners. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.2011). Generally, if the force applied is grossly disproportionate to the offense committed by the prisoner, a plaintiff states a cause of action for use of excessive force. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981).

Plaintiff alleges multiple instances of potential excessive force, but does not allege that any party was involved in those shows of force. Plaintiff has alleged that non-party "McAllister is seen on camera standing at my then cell door K2-18 assaulting me by macing me for requesting to [be] fed after I have been deprived of my [food] for several days[.]" ECF No. 1-1 at PageID #: 5; *see also* ECF No. 14 at PageID #: 82. Plaintiff also states that an unknown Correctional Officer closed the meal chute on Plaintiff's person in response to requests to be fed.

8

(4:20CV1746)

ECF No. 1-1 at PageID #: 19. Because McAllister is not a party to this lawsuit, and Plaintiff has not named any John Does, Plaintiff has not stated an excessive force claim.

### iv. Eighth Amendment (Harassing Statements)

A significant portion of Plaintiff's filings are devoted to describing unflattering and harassing statements made by Defendants. Plaintiff's filings are rife with statements that on separate occasions the Defendants came to his cell and stood outside the door taunting and harassing him to "retaliate" against him for being a sexual offender. As to the verbal harassment itself, verbal harassment and offensive comments do not rise to the level of objectively serious conditions of confinement to state an Eighth Amendment claim. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987).

### v. First Amendment (Convicted Sex Offender)

As to Plaintiff's broad claims that he is being "retaliated" against based on his status as a convicted sex offender, he has also not stated a claim. Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a *prima facie* case for retaliation prohibited by the First Amendment, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff contends the Defendants are harassing him because he is a convicted sexual offender. Being a convicted sexual offender is not conduct protected by the

9

(4:20CV1746)

First Amendment.  Accordingly, Plaintiff has failed to state a First Amendment claim based on his status as a convicted sex offender.

### vi. First Amendment (Retaliation for Pursuing Civil Rights Complaints)

Plaintiff also alleges various forms of retaliation for insisting that his civil rights be respected.  He asserts that Institutional Inspector Wolfe wrongfully put him on a 90-day grievance restriction, ECF No. 8-2 at PageID #: 51; that Defendant Kilmore confiscated all legal work, ECF No. 1-1 at PageID #: 10; and that an unknown mail worker refuses to pick up mail, including legal mail, *id.* 1-1 at PageID #: 19, all in retaliation for bringing grievances and/or legal action against various prison officials concerning Plaintiff's civil rights.  Plaintiff may proceed against Defendants Wolfe and Kilmore under the First Amendment.

Plaintiff asserts that he was transferred between prisons in retaliation for filing lawsuit and a use of force grievance against non-party Correctional Officer Hutch.  ECF No. 15 at PageID #: 91.  First, Plaintiff has not stated a claim as he does not assert which Defendant(s) were personally involved in the transfer.  Second, although a transfer between facilities can support a First Amendment claim, it does not here: A transfer is not *inherently* an adverse action, and Plaintiff does not state that anything about new facility resulted in an unwarranted loss of rights or privileges, or put him in harms way.  *Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010) (Transfer "is also sufficient to constitute an adverse action, but only because the transfer would send him to the lock-down unit[.]").  He alleges that he was transferred without some unspecified property, but makes no allegation regarding any individual Defendant's involvement in the

10

(4:20CV1746)

alleged deprivation of his property. Accordingly, Plaintiff has not stated a claim regarding his transfer between facilities.

### C. State Claims Against Individual Defendants

Plaintiff's remaining claims arise, if at all, under state law. State employees are immune from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the ... employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless ... the ... employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." O.R.C. § 9.86. The Ohio Court of Claims that has the "exclusive, original jurisdiction to determine, initially, whether the ... employee is entitled to personal immunity under section 9.86 ...." O.R.C. § 2743.02(F).

Accordingly, Federal courts cannot exercise jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims determines that the employee is not entitled to immunity under O.R.C. § 9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Unless and until the Ohio Court of Claims decides that Defendants may not invoke immunity from civil liability conferred by O.R.C. § 9.86, this Court has no jurisdiction to consider any state law claims asserted against them.

### V. Motion for Appointment of Counsel

Appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). It "is a privilege that is justified only by exceptional circumstances." *Id.* at 606; *see also Johnson v. City of Wakefield*, 483 Fed. Appx. 256, 260 (6th Cir. 2012). In considering whether "exceptional circumstances" exist, courts have considered the

11

(4:20CV1746)

plaintiff's ability to represent himself, the chance of success of plaintiff's claims, and the complexity of the case. *Lavado*, 992 F.2d at 606; *see also Johnson*, 483 Fed.Appx. at 260. Judges are authorized to appoint pro bono counsel to represent litigant in some situations:

> At the discretion of the judicial officer, counsel may be assigned to represent a pro se litigant in a civil case pursuant to the Court's Pro Bono Civil Case Protocol. (See Appendix J.) <u>Assignment of counsel is not a right of a pro se litigant but may be utilized in those limited cases where the judicial officer believes such an assignment is warranted.</u> Pursuant to the Protocol, a judicial officer may instruct the Clerk's Office to select counsel with experience in the subject matter of the case from the list of attorneys who have volunteered to provide Pro Bono services. The Court will reimburse assigned counsel, pursuant to the Pro Bono Civil Case Protocol, for certain expenses incurred in providing representation up to $1,500.

LR 83.10 (emphasis added).

Given the seriousness of Plaintiff's allegations and the pervasiveness and breadth of the unconstitutional conduct alleged, the Court will exercise its discretion to appoint counsel.[4] The Clerk of Court's ADR Administrator, in accordance with Local Rule 83.10, is instructed to select those counsel with experience in the subject matter of the case from the list of attorneys who have volunteered to provide Pro Bono services, and provide that list to the Court.

Plaintiff is cautioned that he may not make further *pro se* filings once he has been appointed counsel. See *Henderson v. Collins*, No. 1:94CV106, 2015 WL 519247, at *1 (S.D. Ohio Feb. 9, 2015) (collecting cases); *United States v. Jimenez-Zalapa*, No. 06-20369-B, 2007 WL 2815563, at *1 (W.D. Tenn. Sept. 25, 2007) (collecting cases). Any document sent by

---

[4] See *Johnson v. Shaker Heights*, No. 1:06CV2680, 2007 WL 781316, at *4 (N.D. Ohio March 12, 2007) (Polster, J.); *Peace v. Mohr*, No. 4:12CV2283, slip. op. at 27-28 (N.D. Ohio filed April 29, 2013) (Pearson, J.) (ECF No. 7 in No. 4:12CV2283); *Peer v. Page*, No. 5:06CV2846, slip op. at 4-5 (N.D. Ohio filed September 25, 2007) (Adams, J.) (ECF No. 5 in No. 5:06CV2846).

(4:20CV1746)

Plaintiff to the Court directly, after counsel has been appointed, shall be returned to Plaintiff, and will not be considered by the Court or filed on the docket.

### VI. Conclusion

Plaintiff may proceed in the following claims: (1) Claims against Defendants Retort, Kilmore, Oberle, and Chaudhry under the 8th Amendment based on being denied access to meals; and (2) Claims against Defendants Wolfe and Kilmore under the First Amendment. Plaintiff has not stated claims against ODRC, OSP SOCF, Corrections Officers Johnson or Allison, nor fellow inmate Justin Ramos. Plaintiff, through counsel, shall file an Amended Complaint within 30 days of counsel's appointment. While Plaintiff will not be limited to pleading claims already identified as permissible to proceed, any Amended Complaint should be consistent with this order, and should comply with the Federal Rules of Civil Procedure.[5]

Plaintiff's Motion for the Appointment of Counsel (ECF No. 5) and Motions to Amend Complaint (ECF Nos. 8, 12) are granted. Plaintiff's Motions for Production of Documents (ECF Nos. 6, 11, 17) are denied. Plaintiff may proceed with discovery in the normal course of litigation, after Defendants have been served. Defendants' Motion for Initial Screening (ECF No. 10) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| February 26, 2021 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[5] The Amended Complaint will be subject to the screening requirements of 28 U.S.C. § 1915A. No efforts should be made to effectuate service without Court authorization.

13